IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, a/k/a Dwight X. Jones, a/k/a Dwight Jones,<br><br>   Plaintiff,<br><br>v.<br><br>Director Patricia Ray; Captain Sweat; Officer Tamiko Greg Wright; and Officer Durant,<br><br>   Defendants. | C/A No. 5:24-cv-865-SAL<br><br><br><br>**ORDER** |

Plaintiff Dwight Xavier Jones, a pro se litigant, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that this case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). [ECF No. 74.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. Plaintiff did not file specific objections to the Report. The Report has since been returned to the court as undeliverable. [ECF No. 77.]

### STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a

de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As set forth in the Report, Defendants filed a motion to dismiss in November 2024. [ECF No. 74.] Plaintiff failed to file a response, despite being advised that the action may be dismissed if he failed to respond adequately. The most recent filings sent by the magistrate judge to Plaintiff have been returned as "undeliverable." *See* ECF Nos. 69, 70, 77. At the start of this case, Plaintiff

was advised that he must update the court regarding any changes to his address. [ECF 13 at 2.] The Barnwell County Detention Center address is the last known address provided by Plaintiff. *See* ECF No. 10. Further, the last filing received from Plaintiff was a letter on July 31, 2024, from the Barnwell County Detention Center. [ECF No. 74 at 2; *see also* ECF No. 53.]

On January 8, 2025, the magistrate judge issued an order directing Plaintiff to advise the court whether he wished to proceed with this action and further advising him that, if he failed to respond, his case would be dismissed for failure to prosecute. [ECF No. 71.] The order was returned as undeliverable. [ECF. No. 73.] Plaintiff has not responded or otherwise contacted the court. On February 18, 2025, the magistrate judge issued the Report recommending dismissal under Rule 41(b). [ECF No. 74.] That, too, has been returned to the court as undeliverable. [ECF No. 77.]

The court has thoroughly reviewed the record and the applicable law. For the reasons stated above, the court finds no clear error and adopts the Report, ECF No. 74, and incorporates it by reference herein. As a result, this matter is **DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(B).** Defendant's pending motion to dismiss, ECF No. 63, is **TERMINATED as MOOT**.

**IT IS SO ORDERED.**

April 8, 2025                                                                          Sherri A. Lydon
Columbia, South Carolina                                                United States District Judge